IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In re:

Kurt and Charlene Goodreau,                                                    Chapter 7

　　　　　Debtors.                                                                      Case No. 13-11713

MEMORANDUM DECISION

  Chapter 7 debtors Kurt A. Goodreau and Charlene Goodreau claim an exemption under Wisconsin law in 65 shares of Prudential common stock, valued at $3,762.20 as of April 11, 2013. The shares are held at a stock account with Computershare Trust Company, N.A. ("Computershare"), a national bank. The trustee objects.

  At the preliminary hearing held on July 15, 2013, the debtors asserted that the stock account was issued as a bonus or "thank-you" to the debtors from Prudential Insurance Co. Computershare holds shares of Prudential in an "account" in "book entry form", such that "a stock certificate is not required." The shares held in the stock account may be sold online, via mail or telephone; transferred to a brokerage account or otherwise. If sold "fees will be deducted from the sales proceeds and a check for the net sales proceeds will be mailed within ten business days from the settlement of sale." (Debtors' Exhibit C). Withdrawals from the account must equal the net proceeds from the sale of a specified number of shares. The trustee contends that the shares do not constitute a "depository account." The debtors want the exemption broadly construed in their favor.

1

Wisconsin Statutes § 815.18(3)(k) provides: "The debtor's interest in or right to receive the following property is exempt . . . (k) *Depository accounts.* Depository accounts in the aggregate value of $5,000, but only to the extent that the account is for the debtor's personal use and is not used as a business account." Wis. Stat. § 815.18(3)(k). A "depository account" is defined as "a certificate of deposit, demand, negotiated order of withdrawal, savings, share, time or like account maintained with a bank, credit union, insurance company, savings bank, savings and loan association, securities broker or dealer or like organization. 'Depository account' does not include a safe deposit box or property deposited in a safe deposit box." Wis. Stat. § 815.18(2)(e).

The debtors argue that their 65 shares of Prudential common stock is a "share account" included within the definition of a "depository account." The trustee argues that the term "share" in the statute means "share deposit" in a credit union. Exemptions by statute shall be liberally construed in favor of the debtors:

> This section shall be construed to secure its full benefit to debtors and to advance the humane purpose of preserving to debtors and their dependents the means of obtaining a livelihood, the enjoyment of property necessary to sustain life and the opportunity to avoid becoming public charges.

Wis. Stat. § 815.18(1). But, "the rule of liberal construction of exemption laws does not permit a plain disregard of the legislative mandate by extending exemptions to beyond what is embraced in the statute." *In re Lark*, 438 B.R. 652, 656 (Bankr. W.D. Wis. 2010). "[T]he starting point for statutory construction is the language of the statute itself." *Id.* at 655.

"When interpreting statutes, first and foremost, we give words their plain meaning unless doing so would frustrate the overall purpose of the statutory scheme, lead to absurd results, or contravene clearly expressed legislative intent." *United States v. Vallery*, 437 F.3d 626, 630 (7th Cir. 2006). "[T]he court should not read words into, or in this case, out of, the statute." *In re*

2

*Olsen*, 322 B.R. 400, 406 (Bankr. E.D. Wis. 2005). Were the trustee seeking to limit the definition of share accounts to "share deposit" in Wis. Stat. § 186.01(7m), he would be going too far. Such a narrow reading of the term "share" may not be adopted absent clear legislative intent. But I take his argument to be that such a credit union account would be an included and conforming sort of a "share account", while the ownership of shares of common stock held in "street name" by a broker would not conform to the category described by the statute. This is true despite the proximity of the words "share" and "account" in the description.

"[T]he meaning of statutory language, plain or not, depends on context." *Smith v. Zachary*, 255 F.3d 446, 448 (7th Cir. 2001). The other accounts listed in the statute include a certificate of deposit, demand, negotiated order of withdrawal, savings, and time. Wis. Stat. § 815.18(2)(e). By including "or like account" in the definition, "the legislature has provided courts with some latitude in applying the exemption." *In re Lark*, 438 B.R. at 656. But, that discretion is limited "to protect[ing] similar accounts maintained with institutions which are akin to" *Id.* "those maintained with a bank, credit union, insurance company, savings bank, savings and loan association, securities broker or dealer or like organization." Wis. Stat. § 815.18(2)(e).

Here, the debtors argue that the stock account has many of the essential features in common with the other accounts mentioned in the statute, such as that (1) the account is held at a private institution; (2) the account is governed by specific documents; and (3) the funds are immediately accessible. But, the debtors' stock account is not cash-equivalent. The debtors received the stock account as a bonus without using any cash to open it. The stock account is unlike other accounts listed in the statute because withdrawals cannot be made in any increment. Proceeds received from the sale of shares may approximate an amount of cash to which the debtors wish access, but unlike a withdrawal, they cannot be in an exact amount. Furthermore, the stock account is not insured by FDIC or NCUSIF, and is subject to market fluctuations.

3

In *In re Lark*, Judge Utschig determined that a tax refund was not exempt under § 815.18(3)(k), because the money was not "held in a financial account which the debtor can access." 438 B.R. at 657. While "[a]dmittedly, the Wisconsin statute provides protection for types of financial accounts which might not be immediately accessible . . . all of the account types listed in the statute are voluntarily created by a debtor with a private financial institution, are governed by specific account documents, accrue interest, and involve funds which are either immediately accessible or can be accessed upon appropriate notice." *Id.* Unlike the tax refunds in *Lark*, the debtors' shares in this case are voluntarily created with a private financial institution, are governed by specific account documents, and involve funds which can be accessed upon appropriate notice.

The characterization of the statutory examples as all cash-equivalents may be cast in doubt by the inclusion of "securities broker or dealer" as a type of institution where a "depository account" may be maintained. Securities brokers and dealers generally deal with stocks, mutual funds and other investment products which are bought and sold in "shares." But modern brokers and security dealers also provide accounts to their customers which consist of investments in cash or cash equivalents which can be drawn upon by checks or similar drafts in any desired amount. The debtors' stock account was not one of these.

The inability to withdraw any amount of cash from the account casts doubt on whether the debtors' stock account is really "like" the other accounts listed in the statute. The court's independent internet research[1] of the financial products that Prudential offers its customers

---

[1] The court reviewed Prudential's website to familiarize itself with the different financial products provided by the company in order to compare the debtors' stock account with other financial instruments which are more "like" the accounts specifically listed in the statute. "[T]he purpose of obtaining and publishing [independent internet research] was not to sway or bolster the outcome; it was to provide a fuller picture." Elizabeth G. Thornburg, *The Lure of the Internet and the Limits on Judicial Fact Research*, 38 No.4 Litigation 41, 46 (2012) (quoting Richard A. Posner, *Appellate Judges and Internet Research* (Mar. 26, 2011) (unpublished manuscript on file with author)); *See also Grayson v. Schuler*, 666 F.3d 450 (7th Cir. 2012) (research on dreadlocks and photo of Bob Marley).

shows that Prudential provides an array of investment options including certificates of deposit, which are listed in the statute, and money market accounts.[2] A money market account is defined as "[t]he financial market for dealing in short-term negotiable instruments such as commercial paper, certificates of deposit, banker's acceptance, and U.S. Treasury securities." *Black's Law Dictionary* 989 (8th ed. 2004). For example, the fact sheet for Prudential Moneymart Assets, Inc., a money market account, states: "The Fund may be suited to those seeking a safe haven to ride out temporary market volatility and instant access to their money through a check-writing service."[3] Essentially, money market accounts provide customers with instant access to their investments at any increment. In that sense, a money market account is "like" the other accounts listed in the statute. And it was because this type of account was well known to the drafters of the exemption statute that the definition of "depository account" included reference to brokers and security dealers.

The debtors' stock account does not provide them with instant access to their money. Unlike money market accounts, withdrawals from the debtors' share account must equal the net proceeds from the sale of a certain number of shares. To receive cash, the debtors must sell a number of shares at the current market share price. These restrictive features of the debtors' stock account make them not "like" the other accounts listed in the statute.

Legislative history, while not dispositive, may shed some light on legislative intent. Prior law exempted savings accounts at savings and loan associations, banks and credit unions. Wis. Stat. § 815.18(22) (1987-88). In 1989, the legislature replaced the prior law with an exemption for "depository accounts" and defined "depository account" to mean "a certificate of deposit,

---

[2] This information is available at www.prudential.com, products and services, investments. Money market accounts can be found under mutual funds.
[3] Prudential Moneymart Assets, Inc. fact sheet, *available at* http://investment.prudential.com/util/common/get?file=61393BB277B93C4785257B7D005D6BE0.

5

demand, negotiated order of withdrawal, savings, share, time or like account maintained with a bank, credit union, insurance company, savings bank, savings and loan association, securities broker or dealer or like organization." Wis. Stat. § 815.18(2)(e) (1989). The 1989 Act expanded the definition to include not only savings accounts but also a "certificate of deposit, demand, negotiated order of withdrawal, savings, share, time or like account." It also added "insurance company", "securities broker or dealer" and "like organization" to the types of institutions where a "depository account" may be maintained. Commentators from that time saw the old Wisconsin law as "hopelessly" outdated. R. Arthur Ludwig & James G. Pouros, *Updating Wisconsin's Exemption Law*, Wis. Law., Aug., 1990, at 10-12, 69. The Seventh Circuit Court of Appeals had noted that the "statute needs legislative attention; we cannot provide more than emergency care." *In Matter of Erickson*, 815 F. 2d 1090, 1095 (7th Cir. 1987). In *Erickson*, the Court of Appeals was trying to determine whether a bailer was a "hay loader" and whether a hay binder was a "mower." *Id.* at 1092. "The problem in this case comes from the fact that technology has done more to change farm implements than the Wisconsin legislature has done to change § 815.18(6)." *Id.*

It is possible that by adding "share" and "time" in the statute, the legislature attempted to reflect societal shift towards more sophisticated investment mechanisms. It is more likely that the legislature wanted to clarify that new forms had come within the original category exempted. The pre-1989 language exempted "saving accounts" at "credit unions." "Share" could have been added as a brief reference to "share deposit" in credit unions which had the characteristics of savings accounts but went by a different name. I can find no discussion about this change at the time the new law was enacted. If lawmakers have indeed intended to exempt shares of stocks, it would have certainly elicited some comment.

6

A review of other states' exemption statutes reveals a handful of states which exempt bank account deposits. Of those, only Iowa includes "share" in their statutory language, and only Washington explicitly exempts "stocks, bonds, or other securities." Iowa clearly exempts "share" in reference to a credit union:

> 14. The debtor's interest, not to exceed one thousand dollars in the aggregate, in any cash on hand, bank deposits, credit union share drafts, or other deposits, wherever situated, or in any other personal property whether otherwise exempt or not under this chapter.

Iowa Code § 627.6(14) (2013). Washington, on the other hand, explicitly exempts "stocks, bonds, or other securities":

> (A) Until January 1, 2018:
> (I) For debts owed to state agencies, two hundred dollars in value may consist of bank accounts, savings and loan accounts, *stocks, bonds, or other securities*. The maximum exemption under (c)(ii)(A) of this subsection may not exceed two hundred dollars, regardless of the number of existing separate bank accounts, savings and loan accounts, stocks, bonds, or other securities.
> (II) For all other debts, five hundred dollars in value may consist of bank accounts, savings and loan accounts, *stocks, bonds, or other securities*. The maximum exemption under (c)(ii)(B) of this subsection may not exceed five hundred dollars, regardless of the number of existing separate bank accounts, savings and loan accounts, stocks, bonds, or other securities.
> (B) After January 1, 2018: For all debts, five hundred dollars in value may consist of bank accounts, savings and loan accounts, *stocks, bonds, or other securities*. The maximum exemption under this subsection (1)(c)(ii)(B) may not exceed five hundred dollars, regardless of the number of existing separate bank accounts, savings and loan accounts, stocks, bonds, or other securities;

Wash. Rev. Code § 6.15.010 (2012) (emphasis added). Washington being the only state to explicitly exempt "stocks, bonds, or other securities" makes the 1989 undetected inclusion of "share" in the Wisconsin statute less likely to have meant a stock account.

7

Finally, because the Wisconsin legislature chose to include "securities" in addition to "depository account" in Wis. Stat. § 54.62(2) (2008), it appears that "securities" was to be excluded from the definition of "depository account." The subject Prudential stock is undoubtedly "securities."

Upon the foregoing, the trustee's objection must be sustained. It may be so ordered.

Dated: December 27, 2013

_____

ROBERT D. MARTIN

UNITED STATES BANKRUPTCY JUDGE